UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FEDERAL TRADE COMMISSION and STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS,**

      **Plaintiffs,**

v.     Case No:  6:14-cv-8-Orl-41DAB

**WORLDWIDE INFO SERVICES, INC., ELITE INFORMATION SOLUTIONS INC., ABSOLUTE SOLUTIONS GROUP INC., GLOBAL INTERACTIVE TECHNOLOGIES, INC., GLOBAL SERVICE PROVIDERS, INC., LIVE AGENT RESPONSE 1 LLC, ARCAGEN, INC., AMERICAN INNOVATIVE CONCEPTS, INC., UNIQUE INFORMATION SERVICES INC., MICHAEL HILGAR, GARY MARTIN, JOSEPH SETTECASE, NATIONAL LIFE NETWORK INC. and YULUISA NIEVES,**

      **Defendants.**
_____/

**ORDER AND PERMANENT INJUNCTION**

THIS CAUSE is before the Court on Plaintiffs', the Federal Trade Commission ("FTC") and the State of Florida, Motion for Entry of Default Judgment and Order for Permanent Injunction and Monetary Relief Against Defendant Live Agent Response 1 LLC (the "Motion for Default Judgment") (Doc. 106) filed on December 5, 2014. United States Magistrate Judge David A. Baker submitted a Report and Recommendation (Doc. 107) on January 5, 2015, which recommends that the Motion for Default Judgment be granted and that this Court enter an Order that includes the

Page **1** of **16**

findings of fact and injunctive and monetary relief that are set forth in the Proposed Default Judgment (Doc. 106-2).

After an independent *de novo* review of the record and noting that no objections were timely filed, this Court agrees with the findings of fact and conclusions of law in the Report and Recommendation. However, the requested injunctive and monetary relief will be altered to reflect that Plaintiffs are obligated to serve this Order on Defendant Live Agent Response 1 LLC ("Live Agent"). Live Agent has failed to appear, and therefore, the Clerk is unable to mail a copy of this Order to Live Agent. Thus, the provisions that hinge on "entry of this Order," (*see* Proposed Default J. subsections V.B, IX.A, IX.B, X.A, X.B, XI), will be modified accordingly.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 107) filed on January 5, 2015, is **ADOPTED** and **CONFIRMED**.

2. Plaintiffs' Motion for Default Judgment (Doc. 106) filed on December 5, 2014, is **GRANTED in part**. Particularly, the requested injunctive and monetary relief will be awarded, subject to the previously-noted alterations.

3. Plaintiffs are **DIRECTED** to immediately serve a copy of this Order on Defendant Live Agent Response 1 LLC. On or before April 6, 2015, Plaintiffs are **DIRECTED**, absent good cause, to file sworn proof of such service.

4. The Court makes the following findings:

    a. This Court has jurisdiction over this matter.

    b. Plaintiffs' First Amended Complaint (Doc. 53) states claims upon which relief may be granted under Sections 5(a), 13(b), and 19 of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. §§ 45(a), 53(b) and 57b;

      Sections 4(a) and 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. §§ 6103(a), 6105(b); the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310; and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes.

c. Venue in the United States District Court for the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2), (c)(1) and (2), and (d), and 15 U.S.C. § 53(b).

d. The activities of Defendants are "in or affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

e. Defendant Live Agent was properly served with process in this matter. Defendant Live Agent was subsequently served with the First Amended Complaint pursuant to Federal Rule of Civil Procedure 5. Defendant Live Agent thereafter failed to file any responsive pleading as required by Federal Rule of Civil Procedure 12(a). The Clerk entered Defendant Live Agent's default by Order dated October 28, 2014. (Doc. 99). Plaintiffs are entitled to a default judgment pursuant to Federal Rule of Civil Procedure 55(b), as to Defendant Live Agent.

f. Because of Defendant Live Agent's default, the factual allegations in Plaintiffs' First Amended Complaint are taken as true. Based on these facts, the Court finds that Defendant Live Agent, in numerous instances:

    i. misrepresented that Defendants' medical alert system had already been purchased for the consumer by a friend, family member, or

other acquaintance, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4), and Section 501.204 of FDUTPA, Chapter 501, Part II, Florida Statutes;

ii. misrepresented that Defendants' medical alert system was endorsed by the American Heart Association, the American Diabetes Association, and the National Institute on Aging, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 310.3(a)(2)(vii) of the TSR, 16 C.F.R. § 310.3(a)(2)(vii), and Section 501.204 of FDUTPA, Chapter 501, Part II, Florida Statutes;

iii. misrepresented that consumers would not be charged the first monitoring fee until they have received and activated the medical alert system, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4), and Section 501.204 of FDUTPA, Chapter 501, Part II, Florida Statutes;

iv. called consumers whose numbers were registered on the National Do Not Call Registry, and failed to honor consumers' requests not to receive further calls, in violation of Sections 310.4(b)(1)(iii)(B) and 310.4(b)(1)(iii)(A) of the TSR, 16 C.F.R. §§ 310.4(b)(1)(iii)(B), 310.4(b)(1)(iii)(A);

v. failed to transmit or falsified caller ID information, in violation of Section 310.4(a)(8) of the TSR, 16 C.F.R. § 310.4(a)(8);

      vi. made outbound telephone calls that delivered prerecorded messages without consumers' express written consent, in violation of Section 310.4(b)(1)(v)(A) of the TSR, 16 C.F.R. § 310.4(b)(1)(v)(A); and

      vii. failed to promptly and clearly make required disclosures identifying the seller, the purpose of the call, and the nature of the goods and services, in violation of Sections 310.4(b)(1)(v)(B)(ii) and 310.4(d) of the TSR, 16 C.F.R. §§ 310.4(b)(1)(v)(B)(ii), 310.4(d).

  g. Defendant Live Agent is likely to continue to engage in the acts and practices alleged in the First Amended Complaint unless it is permanently enjoined from such acts and practices.

  h. The Court finds that the appropriate amount of equitable monetary relief to be entered against Defendant Live Agent is $6,669,285.57.

  i. The following Permanent Injunction and Monetary Relief Against Live Agent Response 1 LLC ("Order") is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

  j. Entry of the Order is in the public interest.

5. For purposes of the Permanent Injunction and Monetary Relief Against Live Agent Response 1 LLC, which is included below, the following definitions apply:

  a. "Corporate Defendants" means Worldwide Info Services, Inc. also d/b/a The Credit Voice; Elite Information Solutions Inc. also d/b/a The Credit Voice; Absolute Solutions Group Inc. also d/b/a The Credit Voice; Global Interactive Technologies, Inc. also d/b/a The Credit Voice; Global Service Providers, Inc.; Live Agent Response 1 LLC also d/b/a LAR; Arcagen, Inc.

      also d/b/a ARI; American Innovative Concepts, Inc.; Unique Information Services Inc.; and National Life Network Inc., and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

  b. "Defendants" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

  c. "Individual Defendants" means Michael Hilgar, Gary Martin, Joseph Settecase, and Yuluisa Nieves, and by whatever other names each may be known.

  d. "Person" includes a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

  e. "Plaintiffs" means the Federal Trade Commission and the State of Florida.

  f. "Telemarketing" means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

6. It is further **ORDERED** that the following Permanent Injunction and Monetary Relief Against Live Agent Response 1 LLC is entered:

# PERMANENT INJUNCTION AND MONETARY RELIEF AGAINST LIVE AGENT RESPONSE 1 LLC

### I.   BAN ON ROBOCALLS

Defendant Live Agent is permanently restrained and enjoined from initiating, or causing others to initiate, any telephone call that delivers a prerecorded message.

### II.   BAN ON TELEMARKETING

Defendant Live Agent is permanently restrained and enjoined from participating in telemarketing, whether directly or through an intermediary.

### III.   BAN ON MARKETING MEDICAL ALERT PRODUCTS OR SERVICES

Defendant Live Agent is permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of, any medical alert product or service.

### IV.   PROHIBITION AGAINST MISREPRESENTATIONS

Defendant Live Agent, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any good or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

>  a. That a good or service has already been purchased for the consumer by a friend, family member, or other acquaintance;
>
>  b. That a good or service is endorsed by any organization or agency;
>
>  c. When a consumer will be charged for a good or service; and
>
>  d. Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any

      material aspect of the performance, efficacy, nature, or central characteristics.

**V. MONETARY JUDGEMENT**

    a. The Clerk is directed to enter a judgment in favor of Plaintiffs against Defendant Live Agent in the amount of $6,669,285.57.

    b. Defendant Live Agent is ordered to pay to Plaintiffs Six Million Six Hundred Sixty Nine Thousand Two Hundred Eighty Five Dollars and Fifty Seven Cents ($6,669,285.57), less any amounts already paid or paid by any other Defendants, which would result in total payments to Plaintiff exceeding Twenty Two Million Nine Hundred Eighty Nine Thousand, Six Hundred and Nine Dollars ($22,989,609.00) (which represents the consumer injury alleged in the First Amended Complaint). Such payment must be made within 7 days of receipt of this Order, by electronic funds transfer in accordance with instructions previously provided by a representative of Plaintiffs.

    c. All money paid to Plaintiffs pursuant to this Order may be deposited into a fund administered by the Commission or its designee on behalf of both the Commission and the State of Florida. This fund shall be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer

information remedies) as it determines to be reasonably related to the practices alleged in the First Amended Complaint, relinquish its authority over any portion of the joint monies not used for equitable relief to the State of Florida, or both. Defendant Live Agent shall have no right to challenge the Commission's choice of remedies under this Section. Defendant Live Agent shall have no right to contest the manner of distribution chosen by the Commission and the State of Florida.

d. All joint funds not used for the equitable relief described in Paragraph C of this Section ("remaining joint funds") shall be distributed among the Commission and the State of Florida in the following manner:

  i. The State of Florida shall be reimbursed for the costs and fees it incurred in this matter including, but not limited to, its costs of investigation and litigation, after which

  ii. All remaining joint funds shall be divided equally between the Commission and the State of Florida.

## VI. PROHIBITIONS REGARDING CONSUMER INFORMATION

Defendant Live Agent, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

  a. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress,

      Defendant Live Agent must provide it, in the form prescribed by the Commission, within 14 days;

  b. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promoting, or offering for sale medical alert systems; and

  c. Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of Plaintiffs.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII. RECEIVERSHIP

The appointment of Robb Evans and Robb Evans & Associates, LLC, as Permanent Equity Receiver ("Receiver") for Defendant Live Agent and any of its affiliates, subsidiaries, divisions, or sales or customer service operations, wherever located, with the full power of an equity receiver, entered on January 7, 2014, is hereby continued in full force and effect except as modified in this Section. The Receiver shall complete liquidation of all assets of Defendant Live Agent. Upon liquidation of these assets, the Receiver shall submit his final report and application for fees and expenses relating to the receivership over Defendant Live Agent, and upon approval

of the same by the Court, shall pay any remaining funds to the Commission. Upon the Court's approval of the Receiver's final report as to Defendant Live Agent, and the payment of any remaining funds to the Commission under this Section, the Receivership over Defendant Live Agent shall be terminated.

## VIII.   COOPERATION WITH THE RECEIVER

Defendant Live Agent, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order.

## IX.   ORDER ACKNOWLEDGEMENTS

Defendant Live Agent shall submit acknowledgments of receipt of this Order:

    a. Defendant Live Agent, within 7 days of receipt of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

    b. For 5 years after receipt of this Order, Defendant Live Agent must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of

   receipt of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

  c. From each individual or entity to which Defendant Live Agent delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X. COMPLIANCE REPORTING

Defendant Live Agent shall make timely submissions to the Commission:

  a. One year after receipt of this Order, Defendant Live Agent must submit a compliance report, sworn under penalty of perjury. Defendant Live Agent must: (1) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant Live Agent; (2) identify all of Defendant Live Agent's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (3) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (4) describe in detail whether and how Defendant Live Agent is in compliance with each Section of this Order; and (5) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

  b. For twenty (20) years after receipt of this Order, Defendant Live Agent must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (1) any designated point of contact; or (2)

    the structure of Defendant Live Agent or any entity that Defendant Live Agent has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

c. Defendant Live Agent must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against it within 14 days of its filing.

d. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:＿＿＿" and supplying the date, signatory's full name, title (if applicable), and signature.

e. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Worldwide Info Services, Inc., et al.*, FTC Matter No. X140013.

## XI. RECORDKEEPING

Defendant Live Agent must create certain records for twenty (20) years after receipt of the Order, and retain each such record for 5 years. Specifically, Defendant Live Agent must create and retain the following records:

    a. Accounting records showing the revenues from all goods or services sold;

    b. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

    c. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    d. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    e. A copy of each unique advertisement or other marketing material.

## XII. COMPLIANCE MONITORING

For the purpose of monitoring Defendant Live Agent's compliance with this Order, including any failure to transfer any assets as required by this Order:

    a. Within 14 days of receipt of a written request from a representative of either Plaintiff, Defendant Live Agent must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of

        Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

   b. For matters concerning this Order, Plaintiffs are authorized to communicate directly with Defendant Live Agent. Defendant Live Agent must permit representatives of Plaintiffs to interview any employee or other person affiliated with Defendant Live Agent who has agreed to such an interview. The person interviewed may have counsel present.

   c. Plaintiffs may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant Live Agent or any individual or entity affiliated with Defendant Live Agent, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII. LIFTING OF THE ASSET FREEZE

The freeze on the assets of Defendant Live Agent shall remain in effect until Plaintiffs have received the total amount required by Section V above, provided, however, that Defendant Live Agent may transfer funds to the extent necessary to make all payments required by Section V. Upon payment to Plaintiffs of the total amount required by Section V above, the freeze against the assets of Defendant Live Agent shall be lifted permanently.

## XIV. RETENTION OF JURISDICTION

This Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record